UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SARAH HORTON )<br>Plaintiff )<br> )<br>v. )<br> )<br>TOWN SPORTS )<br>INTERNATIONAL, INC. )<br>and TSI FENWAY, INC. )<br>d/b/a BOSTON SPORTS )<br>CLUBS )<br>Defendants )<br>_____ ) | Civil Action No. 04-CV-12359-MEL |

## AMENDED COMPLAINT

Now comes the Plaintiff in this action, Sarah Horton, who files this Amended Complaint pursuant to F.R. Civ. P. Rule 15(a) and states and avers the following as her Amended Complaint:

### NATURE OF ACTION

1. This is an action for gender discrimination in violation of the Massachusetts Fair Employment Practices Law (Gen. Laws c. 151B) and Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sec. 2000e-2), for breach of an implied employment contract and for breach of the implied covenant of good faith and fair dealing.

2. Plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD") on March 6, 2003 and withdrew the Charge on September 24, 2004.

3. Plaintiff filed a Complaint in the Superior Court Department for Suffolk County

on October 7, 2004.

4. Defendants filed a Notice and Petition for Removal with this Court on November 5, 2004.

## JURISDICTION

5. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1332 and 42 U.S.C. Sec. 2000e-2.

## PARTIES

6. Plaintiff, Sarah Horton, is an individual who resides at 118 Riverway, Unit # 35, Boston, MA 02215.

7. Defendant Town Sports International, Inc. ("TSI") is a business entity not registered to do business in the Commonwealth of Massachusetts which has offices located at 888 Seventh Ave., New York, NY 10116 and which conducts business in the Commonwealth of Massachusetts under the name of "Boston Sports Clubs".

8. Defendant TSI Fenway, Inc. ("TSI Fenway"), a subsidiary of TSI, is a Delaware corporation registered to do business in the Commonwealth of Massachusetts and has a principal office at 888 Seventh Avenue, New York, NY 10116.

## FACTS

9. Defendant TSI is in the business owning and operating over 130 health fitness and exercise facilities in the New York, Washington, Philadelphia and Boston areas, in addition to locations abroad.

10. Plaintiff was hired as a Sales Consultant and was placed in TSI's Natick, MA location in December, 2001.

11. At the time of her hire, Plaintiff was asked to sign the TSI Employee Handbook

thus obligating her to adhere to all the policies and procedures of TSI.

12. During her employment, Plaintiff endeavored to comply with every policy and procedure set forth in the Employee Handbook.

13. As a Sales Consultant, Plaintiff was compensated on a "commission only" basis and received a commission for each new customer who purchased a TSI membership from Plaintiff.

14. Plaintiff also received commission payments when her customers "re-joined" TSI which often occurred after their membership lapsed during the Summer months.

15. Plaintiff performed her job duties as a Sales Consultant in an exemplary manner during her employment with TSI and was a top producer of new memberships.

16. Plaintiff transferred from TSI's Natick location to the TSI Fenway Boston location on Brookline Avenue in Summer, 2002 and continued her role as a top producing Sales Consultant.

17. As part of its ongoing sales and marketing effort, TSI offered sales promotions to attract new members on a semi-annual basis.

18. One such sales promotion included the offer of discounted membership prices to potential customers through "VIP coupons" which were distributed to TSI employees, including all TSI Fenway employees in the Boston location, on or about early January, 2003.

19. The VIP coupons were intended to attract new members into the TSI clubs and were intended for family and friends, but were not to be given to "walk in guests" of the TSI clubs.

20. TSI offered no written or verbal guidance or definition to Plaintiff as to who

would be considered a "friend" or "special friend" eligible for a VIP coupon or under what circumstances a person would be considered a "walk in guest" and thus ineligible for a VIP coupon under this sales promotion program.

21. All employees in the TSI Fenway location, including Plaintiff and the other two Sales Consultants, were given three VIP coupons to distribute during the month of January, 2003.

22. In some cases, TSI employees gave their VIP coupons to the Sales Consultants to ensure that all VIP coupons would be distributed to potential customers during the VIP sales promotion.

23. TSI Fenway gave the male Sales Consultant, Mr. Sean Burns, additional VIP coupons to distribute and did not give Plaintiff the same number of VIP coupons.

24. During the January, 2003 VIP sales promotion, Mr. Sean Burns, the male Sales Consultant in the TSI Fenway location, distributed twenty-eight VIP coupons during the promotion period.

25. Plaintiff, also a Sales Consultant, distributed only nine VIP coupons to prospective members during the same period.

26. Plaintiff believes, and therefore alleges, that several VIP coupons were distributed by Mr. Sean Burns to persons who were not his family, friends or special friends in January, 2003 and that TSI was aware of this behavior.

27. During the sales promotion period, Plaintiff offered a VIP coupon to Ms. Natsaha Stinson which coupon had been given to Plaintiff by Ms. Jen Cohen, an assistant general manager.

28. Plaintiff was familiar with Ms. Stinson and knew that Ms. Stinson had been using

the club on a trial basis for several days.

29. Under these circumstances, Plaintiff did not believe that Ms. Stinson was ineligible for a VIP coupon as she was already involved in using the club facilities and was not a "walk in guest".

30. Since each Sales Consultant earns a commission fee on each new membership sold, Plaintiff credited the VIP coupon to Ms. Cohen from whom she had received this extra VIP coupon.

31. Plaintiff's distribution of VIP coupons during the sales promotion period was later investigated by Ms. Tracey Gondelman, TSI Fenway General Manager, in or about late January, 2003.

32. The distribution of VIP coupons by Mr. Burns, however, was not investigated by Ms. Gondelman.

33. Plaintiff was suspended by TSI on or about February 4, 2003 and was terminated by the TSI Human Resources Director on February 10, 2003 due to an alleged "abuse" of the VIP coupon program based on the recommendation of Ms. Gondelman.

34. Plaintiff never had an opportunity to explain her actions or her understanding of the VIP coupon program with TSI representatives as Plaintiff was summarily terminated without the benefit of a discussion with Ms. Gondelman, TSI management or the TSI Human Resources Department.

35. In terminating Plaintiff, TSI elected to ignore the Progressive Discipline Policy and the Complaint Handling Procedure outlined in the TSI Employee Handbook.

36. Plaintiff asserts that the investigation conducted by TSI was inappropriate and

incomplete and did not conform to the TSI Complaint Handling Procedure set forth in the TSI Employee Handbook.

37. Plaintiff believed when she was hired that she and TSI would be obligated to follow the Progressive Discipline Policy and Complaint Handling Procedure unless later modified by TSI.

38. On another occasion, Plaintiff received a written warning from Ms. Gondelman for taking a vacation day which had been approved in advance by Plaintiff's supervisor, while Mr. Burns took the same vacation day and was not warned or disciplined.

39. Mr. Burns also received sales incentives and opportunities, including the opportunity to distribute VIP coupons to "corporate accounts", that were not offered to Plaintiff in spite of her status as a top sales producer for TSI.

40. On several occasions, Ms. Gondelman drove Mr. Burns to sales meetings and assisted him while Ms. Gondelman offered no such support to Plaintiff.

41. Plaintiff believes, and therefore alleges, that TSI's supervisor, Ms. Gondelman, treated the male Sales Consultant, Mr. Burns, preferentially and discriminated unlawfully against Plaintiff on the basis of her gender.

42. Defendant TSI, through Ms. Gondelman, wrongfully and unlawfully terminated Plaintiff.

## COUNT ONE-BREACH OF IMPLIED CONTRACT

43. Plaintiff restates each allegations in Paragraphs 1-42 as if fully set forth herein.

44. Defendant TSI breached an implied contract of employment by terminating Plaintiff's employment without following the Progressive Discipline Policy and

Complaint Handling Procedure set forth in Defendants' Employee Handbook.

## COUNT TWO-GENDER DISCRIMINATION

45. Plaintiff restates and reasserts each and every allegation in Paragraphs 1-44 as if fully set forth herein.

46. Defendant TSI unlawfully discriminated against Plaintiff on the basis of her gender in violation of Gen. Laws c. 151B by terminating Plaintiff for alleged improper use of VIP coupons and not terminating the employment of a male Sales Consultant who engaged in the same alleged misconduct as Plaintiff.

47. Defendant TSI unlawfully discriminated against Plaintiff in the terms and conditions of her employment by treating a male Sales Consultant preferentially and by offering special sales opportunities and support to the male Sales Consultant which were not offered to Plaintiff.

## COUNT THREE- BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

48. Plaintiff restates and reasserts each and every allegation in Paragraphs 1-47 as if fully set forth herein.

49. Defendant TSI breached the implied covenant of good faith and fair dealing by depriving Plaintiff of commission payments due Plaintiff from Plaintiff's customers who re-join TSI.

Wherefore, Plaintiff prays that this Court:

1. Enter judgments against Defendant for breach of implied contract, gender discrimination and breach of implied covenant of good faith and fair dealing.

2. Reinstate Plaintiff to her former position as Sales Consultant.

3. Award Plaintiff all monies and benefits lost due to her termination and future pay if Plaintiff is not reinstated.

4. Award Plaintiff compensatory, multiple and/or punitive damages.

5. Award Plaintiff her costs in this action, including reasonable attorneys' fees and other costs, plus interest.

6. Provide such other relief to Plaintiff as it deems appropriate and just.

PLAINTIFF REQUESTS A JURY TRIAL.

                                            Sarah Horton
                                            By her attorney

                                            /s/ JRBlack
                                            Jonathan R. Black
                                            BBO# 044340
                                            99 Derby Street, Suite 200
                                            Hingham, MA 02043
                                            781-556-1010

Dated: November 12, 2004

## CERTIFICATE OF SERVICE

I, Jonathan R. Black, hereby certify that on the 12th of November, 2004, I served by hand a copy of the Amended Complaint in Horton v. Town Sports International, Inc. et al upon the counsel or record: Laurie J. Hurtt, Esq. c/o Greenberg Traurig, LLP, Attorneys at Law, One International Place, Boston, MA 02110.

_____
Jonathan R. Black