# Greenberg
# Traurig

Laurie J. Hurtt
Tel. 610.310.6000
Fax 610.310.6001
HurttL@gtlaw.com

November 19, 2004

**BY HAND**

Clerk
United States District Court,
 District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

> Re:    <u>Sarah Horton v. Town Sports International, Inc., et al.</u>
>        U.S. District Court Civil Action No. 04-CV-12359-MEL

Dear Sir/Madam:

The above-referenced case was removed from the Suffolk Superior Court of Massachusetts. In accordance with Local Rule 81.1(a), enclosed for filing are the following certified copies of documents that were filed in Suffolk Superior Court:

    1.    Notice of, and Petition for, Removal;

    2.    Summons;

    3.    Complaint; and

    4.    Civil Action Cover Sheet.

Also, please find enclosed a certified copy of the Suffolk Superior Court's docket for this case.

Kindly acknowledge receipt of the above-referenced documents by date-stamping the enclosed copy of this letter and returning it to me in the self-addressed stamped envelope. Thank you for your cooperation.

Very truly yours,

Laurie J. Hurtt

LJH:gaf
Enclosures
cc:    Jonathan Black, Esq.
       Brian Cousin, Esq.

ALBANY

AMSTERDAM

ATLANTA

BOCA RATON

BOSTON

CHICAGO

DALLAS

DENVER

FORT LAUDERDALE

LOS ANGELES

MIAMI

NEW JERSEY

NEW YORK

ORANGE COUNTY, CA

ORLANDO

PHILADELPHIA

PHOENIX

SILICON VALLEY

TALLAHASSEE

TYSONS CORNER

WASHINGTON, D.C.

WEST PALM BEACH

WILMINGTON

ZURICH

www.gtlaw.com

bos-srv01\153126v01

Greenberg Traurig, LLP | Attorneys at Law | One International Place | Boston, MA 02110 | Tel 617.310.6000 | Fax 617.310.6001

# Commonwealth of Massachusetts
## SUFFOLK SUPERIOR COURT
### Case Summary
### Civil Docket

02:55 PM

## SUCV2004-04411
## Horton v Town Sports Int'l Inc et al

| | | | |
|---|---|---|---|
| **File Date** | 10/07/2004 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 11/09/2004 | **Session** | G - Civil G |
| **Origin** | 1 | **Case Type** | B22 - Employment Discrimination |
| **Lead Case** | | **Track** | F |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 01/05/2005 | **Answer** | 03/06/2005 | **Rule12/19/20** | 03/06/2005 |
| **Rule 15** | 03/06/2005 | **Discovery** | 08/03/2005 | **Rule 56** | 09/02/2005 |
| **Final PTC** | 10/02/2005 | **Disposition** | 12/01/2005 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Sarah Horton
Active 10/07/2004

**Private Counsel 044340**
Jonathan R Black
99 Derby St
Suite 200
Hingham, MA 02043
Phone: 781-556-1010
Active 10/07/2004 Notify

**Defendant**
Town Sports Int'l Inc
Service pending 10/07/2004

**Private Counsel 634149**
Laurie J Hurtt
Hanify & King
1 Beacon Street
Boston, MA 02108-3107
Phone: 617-423-0400
Fax: 617-423-0498
Active 11/09/2004 Notify

**Defendant**
TSI Fenway Inc dba
Served: 10/20/2004
Served (answr pending) 11/02/2004

*** See Attorney Information Above ***

**Alias defendant name**
Boston Sports Clubs
Active 10/07/2004

*** See Attorney Information Above ***

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 10/07/2004 | 1.0 | Complaint |
| 10/07/2004 | | Origin 1, Type B22, Track F. |

MAS-20030912

c,i,e,n

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

11/09/2004
02:55 PM

### SUCV2004-04411
### Horton v Town Sports Int'l Inc et al

| Date | Paper | Text |
|------|-------|------|
| 10/07/2004 | 2.0 | Civil action cover sheet filed |
| 11/02/2004 | 3.0 | Summons & Return Receipt Returned re:  TSI Fenway Inc dba(Defendant) |
| | | (Certified Mail 10/14/04) |
| 11/05/2004 | | Certified copy of petition for removal to U. S. Dist. Court of Defts. |
| | | Town Sports International. Inc., and TSI Fenway, Inc. d/b/a Boston |
| | | Sports Clubs U. S. Dist.#(04-CV-12359MEL). |
| 11/09/2004 | | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

. **HEREBY ATTEST** AND CERTIFY ON

NOV. 12, 2004    THAT THE

**FOREGOING** DOCUMENT IS A FULL,
**TRUE AND CORRECT** COPY OF THE
**ORIGINAL** ON FILE IN MY OFFICE,
**AND IN MY LEGAL** CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

By

ASSISTANT CLERK.

**COMMONWEALTH OF MASSACHUSETTS**

SUFFOLK, ss.                          **SUPERIOR COURT DEPARTMENT**
                                      **CIVIL ACTION NO.**

                                      **0 4 - 4 4 1 1**

| | |
|---|---|
| **SARAH HORTON** ) | |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | **COMPLAINT** |
| ) | |
| **TOWN SPORTS** ) | |
| **INTERNATIONAL, INC.** ) | |
| **and TSI FENWAY, INC .** ) | |
| **d/b/a BOSTON SPORTS** ) | |
| **CLUBS** ) | |
| **Defendants** ) | |

Now comes the Plaintiff in this action, Sarah Horton, who states and avers the following
as her Complaint:

### NATURE OF ACTION

1.  This is an action for wrongful termination and gender discrimination in violation
    of Gen. Laws c. 151B and for breach of the covenant of good faith and fair
    dealing by Defendants.

2.  Plaintiff filed a Charge of Discrimination with the Massachusetts Commission
    Against Discrimination ("MCAD") on March 6, 2003 and withdrew the Charge
    on September 24, 2004 (see, Exhibit A), thus this Complaint is properly before
    this Court.

### PARTIES

3.  Plaintiff, Sarah Horton, is an individual who resides at 118 Riverway, Unit # 35,
    Boston, MA 02215.

4.  Defendant Town Sports International, Inc. ("TSI") is a business entity not
    registered to do business in the Commonwealth of Massachusetts which has
    offices located at 888 Seventh Ave., New York, NY 10116 and which conducts
    business in the Commonwealth of Massachusetts under the name of "Boston
    Sports Clubs".

5.  Defendant TSI Fenway, Inc. ("TSI Fenway"), a subsidiary of TSI, is a Delaware corporation registered to do business in the Commonwealth of Massachusetts and has a principal office at 888 Seventh Avenue, New York, NY 10116.

## JURISDICTION

6.  This Court has jurisdiction over the Defendants pursuant to Gen. Laws c. 223A, ss 2 and 3(a)-(f).

## FACTS

7.  Defendant TSI is in the business owning and operating over 130 health fitness and exercise facilities in the New York, Washington, Philadelphia and Boston areas, in addition to locations abroad.

8.  Plaintiff was hired as a Sales Consultant and was placed in TSI's Natick, MA location in December, 2001.

9.  Plaintiff performed her job duties as a Sales Consultant in an exemplary manner during her employment with TSI and was a top producer of new memberships.

10. Plaintiff later transferred from TSI's Natick location to the TSI Fenway Boston location on Brookline Avenue in Summer, 2002 and continued her role as a top producing Sales Consultant.

11. As part of its ongoing sales and marketing effort, TSI offered sales promotions to attract new members on a semi-annual basis.

12. One such sales promotion included the offer of discounted membership prices to potential customers through "VIP coupons" which were distributed to TSI employees, including all TSI Fenway employees in the Boston location on or about early January, 2003.

13. The VIP coupons were intended to attract new members into the TSI clubs and were intended for family and friends, but were not to be given to "walk in guests" of the TSI clubs.

14. TSI offered no written or verbal guidance or definition to Plaintiff as to who would be considered a "friend" or "special friend" eligible for a VIP coupon or under what circumstances a person would be considered a "walk in guest" and thus ineligible for a VIP coupon under this sales promotion program.

15. All employees in the TSI Fenway location, including Plaintiff and the other two Sales Consultants, were given three VIP coupons to distribute during the month of January, 2003.

16. In some cases, TSI employees gave their VIP coupons to the Sales Consultants to ensure that all VIP coupons would be distributed to potential customers during the VIP sales promotion.

17. TSI Fenway gave Mr. Sean Burns additional VIP coupons to distribute.

18. During the January, 2003 VIP sales promotion, Mr. Sean Burns, another Sales Consultant in the TSI Fenway location, distributed twenty-eight VIP coupons during the promotion period.

19. Plaintiff, also a Sales Consultant, distributed nine VIP coupons to prospective members during the same period.

20. Plaintiff believes, and therefore alleges, that several VIP coupons were distributed by Mr. Sean Burns to persons who were not his family, friends or special friends in January, 2003 and that TSI was aware of this behavior.

21. During the sales promotion period, Plaintiff offered a VIP coupon to Ms. Natsaha Stinson which coupon had been given to Plaintiff by Ms. Jen Cohen, an assistant general manager.

22. Plaintiff was familiar with Ms. Stinson and knew that Ms. Stinson had been using the club on a trial basis for several days.

23. Under these circumstances, Plaintiff did not believe that Ms. Stinson was ineligible for a VIP coupon as she was already involved in using the club facilities and was not a "walk in guest".

24. Since each Sales Consultant earns a commission fee on each new membership sold, Plaintiff credited the VIP coupon to Ms. Cohen from whom she had received this extra VIP coupon.

25. Plaintiff's distribution of VIP coupons during the sales promotion period was later investigated by Ms. Tracey Gondelman, TSI Fenway General Manager, in or about late January, 2003.

26. The questionable distribution of VIP coupons by Mr. Burns, however, was not investigated by Ms. Gondelman.

27. Plaintiff was suspended by TSI on or about February 4, 2003 and was terminated by the TSI Human Resources director on February 10, 2003 due to an alleged "abuse" of the VIP coupon program based on the recommendation of Ms. Gondelman.

28. Plaintiff never had an opportunity to explain her actions or her understanding of the VIP coupon program with TSI as Plaintiff was summarily terminated without the benefit of a discussion with Ms. Gondelman, TSI management or the TSI Human Resources Department.

29. In terminating Plaintiff, TSI elected to ignore the progressive discipline program guidelines outlined in the TSI Employee Handbook and, instead, terminated Plaintiff's employment on the basis of a vague and undefined "VIP coupon" and "walk in guest" policy and an incomplete and ineffective investigation.

30. Plaintiff believes, and therefore alleges, that TSI and Ms. Gondelman permitted Mr. Burns to distribute VIP coupons to persons who were not his family or friends and declined to investigate these occurrences or to discipline Mr. Burns in the same manner as Plaintiff.

31. On another occasion, Plaintiff also received a written warning from Ms. Gondelman for taking a vacation day which had been approved in advance by Plaintiff's supervisor, while Mr. Burns took the same vacation day and was not warned or disciplined.

32. Mr. Burns also received sales incentives and opportunities, including the opportunity to distribute VIP coupons to "corporate accounts", that were not offered to Plaintiff in spite of her status as a top sales producer for TSI.

33. On several occasions, Ms. Gondelman drove Mr. Burns to sales meetings and assisted him while Ms. Gondelman offered no such support to Plaintiff.

34. Plaintiff believes, and therefore alleges, that TSI's supervisor, Ms. Gondelman, treated the male Sales Consultant, Mr. Burns, preferentially and discriminated unlawfully against Plaintiff on the basis of her gender.

35. Defendant TSI, through Ms. Gondelman, wrongfully and unlawfully terminated Plaintiff.

## COUNT ONE-WRONGFUL TERMINATION

36. Plaintiff restates each allegations in Paragraphs 1- 35 as if fully set forth herein.

37. Defendant TSI wrongfully and unlawfully terminated Plaintiff's employment on the basis of a vague and ill defined "VIP coupon" policy which was enforced by TSI in an unfair, inequitable and unlawful manner.

## COUNT TWO-GENDER DISCRIMINATION

38. Plaintiff restates and reasserts each and every allegation in Paragraphs 1-37 as if fully set forth herein.

39. Defendant TSI unlawfully discriminated against Plaintiff on the basis of her gender in violation of Gen. Laws c. 151B by not terminating the employment of a male Sales Consultant who engaged in the same alleged misconduct as Plaintiff.

40. Defendant TSI unlawfully discriminated against Plaintiff by treating a male Sales Consultant preferentially and by offering special sales opportunities and support to the male Sales Consultant to the detriment of Plaintiff in violation of Gen. Laws c. 151B.

## COUNT THREE- BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

41. Plaintiff restates and reasserts each and every allegation in Paragraphs 1-40 as if fully set forth herein.

42. Defendant TSI breached the implied covenant of good faith and fair dealing in terminating Plaintiff's employment without conducting a complete or effective investigation and without giving Plaintiff the opportunity to present her position to TSI.

Wherefore, Plaintiff prays that this Court:

1. Enter judgment against Defendant for wrongful termination and gender discrimination.
2. Reinstate Plaintiff to her former position as Sales Consultant.
3. Award Plaintiff all monies and benefits lost due to her termination and future pay if Plaintiff is not reinstated.
4. Award Plaintiff compensatory, multiple and/or punitive damages.
5. Award Plaintiff her costs in this action, including reasonable attorneys' fees and other costs, plus interest.
6. Provide such other relief to Plaintiff as it deems appropriate and just.

## PLAINTIFF REQUESTS A JURY TRIAL.

I HEREBY ATTEST AND CERTIFY ON
NOV. 12, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

ASSISTANT CLERK.

Sarah Horton
By her attorney

Jonathan R. Black

BBO# 044340
99 Derby Street, Suite 200
Hingham, MA 02043
781-556-1010

Dated:  October 6, 2004

*EXHIBIT A*

# THE COMMONWEALTH OF MASSACHUSETTS
## COMMISSION AGAINST DISCRIMINATION
### ONE ASHBURTON PLACE
#### BOSTON, MA 02108-1518]

Tel: (617) 994-6000          TTY: (617) 994-6196          Fax: (617) 994-6024

TO:        **File**
FR:        **Robin Edwards-King**
RE:        **Sarah Horton v. TSI Town Sports International,**
           **Boston Sports Club and Tracey Gondelman**
MCAD #     **03BEM00574**
EEOC #     **16CA301137 (25+ employees)**
DATE:      **September 24, 2004**

## RECOMMENDATION: CASE CLOSURE – WITHDRAWN IN ORDER TO FILE A PRIVATE RIGHT OF ACTION ON THE SAME MATTER IN CIVIL COURT

On March 6, 2003 Complainant filed a complaint with the Massachusetts Commission Against Discrimination and the EEOC. Complainant alleged Respondents discriminated against her on or around February 10, 2003 on the basis of Sex in violation of M.G.L. c.151B§4 (1) and Title VII.

On September 24, 2004 Complainant's Counsel submitted a request to withdraw this complaint from the MCAD and EEOC in order to pursue the matter as a private right of action in civil court.

The Commission finds no reason to investigate this matter further. Therefore, it is recommended that Complainant be allowed to withdraw this complaint.

Robin Edwards-King
Administrative Assistant