UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SARAH HORTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TOWN SPORTS INTERNATIONAL, INC. )<br>AND TSI FENWAY, INC., )<br>)<br>Defendants. )<br>) | Civil Action No. 04-CV-12359-MEL |

PLAINTIFF'S OPPOSITION TO DEFENDANT TSI FENWAY, INC.'S MOTION TO DISMISS COUNTS I AND III OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT OF COUNT III

Plaintiff Sarah Horton ("Plaintiff") hereby respectfully requests that this Honorable Court deny Defendant TSI Fenway, Inc.'s ("TSI" or "Defendant") Motion to Dismiss Counts I and III or, In the Alternative, Motion for a More Definite Statement of Count III.

Plaintiff has made sufficient allegations in the Amended Complaint to support a claim for breach of an implied employment contract. First, Plaintiff has asserted that she was requested to sign the TSI Employee Handbook at the time that she was hired and that she was obligated to adhere to all the policies and procedures contained therein. (Amended Complaint, para.11). Plaintiff states that she was told at the time of hire that the Employee Handbook contained policies and procedures which related to her employment

with TSI (Horton Affidavit, para. 2). Plaintiff alleges that she believed that she **and TSI** would be obligated to follow the Progressive Discipline Policy and the Complaint Handling Procedure contained in the Employee Handbook unless these policies and procedures were later modified by TSI (Amended Complaint, para. 37). Plaintiff states that TSI did not modify or terminate these policies or procedures during the time of her employment (Horton Affidavit, para. 6). Plaintiff alleges that TSI failed to follow these policies when it terminated her employment (Amended Complaint, para. 44).

Plaintiff's Count I implied contract claim is based upon her reliance upon the representations of TSI that TSI would follow the employment guidelines set forth in the Employee Handbook, unless later modified, and TSI's failure to follow these guidelines when Plaintiff's employment was terminated. In addition to the statements in the Employee Handbook that employment is "at will", that it contains only "guidelines" and was not a guarantee of employment for any specific duration, the Employee Handbook makes the following unambiguous representation and promise to TSI employees:

> "While it is difficult to anticipate the almost infinite number
> of situations that can arise during the employment relationship,
> **we follow established guidelines in human resources matters.**
> **You will find these guidelines in this handbook."** (Russell Affidavit,
> Exhibit A, Employee Handbook, page 2, para. 1) (emphasis added).

The Employee Handbook was delivered to Plaintiff by Ms. Jane Russell, TSI Senior Human Resources Manager, at the time of her hire and Plaintiff was required to sign an "Acknowledgement Receipt". TSI, by the express language of its own Employee Handbook, is obligated to follow specific guidelines in human resources matters,

including its own Progressive Discipline Policy and Complaint Handling Procedure. Plaintiff asserts that Defendant failed to follow its own guidelines in terminating her employment. Plaintiff has alleged sufficient facts to support a breach of implied employment contract claim and TSI's Motion to Dismiss Count I should be denied.

Prior to her termination, Plaintiff served as a Sales Consultant for TSI and was responsible for obtaining members for TSI's health and fitness programs. Plaintiff received a commission payment for each new member that she enrolled into the TSI program and each time that one of her customers "re-joined" the TSI program which typically occurred after their membership lapsed during the summer months (Amended Complaint, para. 13, 14). Plaintiff asserts that, due to her termination, she has been deprived of commissions to which she is entitled for her customers who re-joined the TSI program after the date of her termination (Amended Complaint, para. 49). Count III of Plaintiff's Complaint seeks damages for the future income that Plaintiff would receive from her customers re-joining TSI after the date of her termination. This income derives, necessarily, from the good will developed by Plaintiff and the past efforts of Plaintiff. Plaintiff should be permitted to conduct discovery to prove the amount of such commissions due her.

WHEREFORE, Plaintiff Sarah Horton respectfully requests that this Honorable Court deny Defendant's Motion to Dismiss Counts I and III and Defendant's Motion for a More Definite Statement of Count III.

                                                        Respectfully submitted,

                                                        Sarah Horton

                                                        By her attorney,

*[signature]*
Jonathan R. Black
BBO # 044340
99 Derby Street, Suite 200
Hingham, MA 02043
781-556-1010

Dated: December 7, 2004

## CERTIFICATE OF SERVICE

I, Jonathan R. Black, hereby certify that a true copy of the above document was served upon the counsel of record for each party by first class mail on December 7, 2004.

*[signature]*
Jonathan R. Black