UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SARAH HORTON,<br><br>Plaintiff,<br><br>v.<br><br>TOWN SPORTS INTERNATIONAL, INC.<br>AND TSI FENWAY, INC.,<br><br>Defendants. | Civil Action No. 04-CV-12359-MEL |

**MEMORANDUM IN OPPOSITION TO DEFENDANT TSI FENWAY, INC.'S MOTION TO DISMISS COUNTS I AND III OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT OF COUNT III**

Plaintiff Sarah Horton ("Plaintiff") submits this Memorandum in Opposition to Defendant TSI Fenway, Inc.'s ("TSI" or "Defendant") Motion to Dismiss Counts I and III or, In the Alternative, Motion for a More Definite Statement of Count III.

**Statement of Facts with Respect to Count I**

TSI requests that Count I of the Complaint for breach of an implied employment contract be dismissed for failure to state a claim upon which relief can be granted. The relevant facts follow. Plaintiff agreed to accept a position as a Sales Consultant with TSI and understood that her employment relationship with TSI was governed by certain policies and procedures contained in the TSI Employee Handbook (the TSI Employee Handbook is Exhibit A to Defendant's Jane Russell Affidavit). Plaintiff alleges that she was obligated to adhere to the policies and procedures contained in the Handbook

1.

after signing an "Acknowledgement Receipt" at the time of her hire (Amended Complaint, para. 11) and that she endeavored to comply with every policy and procedure in the Handbook during her employment (Amended Complaint, para. 12). Plaintiff alleges that she believed that **she and TSI** were obligated to follow the Progressive Discipline Policy and the Complaint Handling Procedure which are set forth in the Handbook. (Amended Complaint, Para. 36, 37).

Plaintiff further alleges that TSI failed to follow the Progressive Discipline Policy and Complaint Handling Procedure when she was terminated. (Amended Complaint, para. 35, 36). Plaintiff asserts a claim for breach of an implied employment contract (Amended Complaint, para. 44). Plaintiff's claim that TSI was obligated to follow the Progressive Discipline Policy and the Complaint Handling Procedure is based on the express language of the Handbook (see, Russell Affidavit, Exhibit A, Introduction, page 2).

### Argument with Respect to Count I

Massachusetts law assumes at-will employment unless there exists, either expressly or impliedly, a contract governing the terms and conditions of employment. See, Derrig v. Wal-Mart Stores, Inc., 942 F. Supp. 49, 54 (1996). Upon proper proof, an employee manual can be shown to form the basis of an express or implied contract. Jackson v. Action for Boston Community Development, Inc., 403 Mass. 8 (1988). The question is whether the employee reasonably concluded that the employer was presenting the personnel manual as a statement of the conditions of employment. There is no explicit test or "rigid list of prerequisites" to aid in ascertaining if a personnel manual comprises a binding contract under Massachusetts law. O'Brien v. New England Telephone & Telegraph Co., 422 Mass. 686, 692 (1996). The central inquiry is whether it was

objectively reasonable for the employee to believe that the terms of the employee manual constituted mutually binding contractual obligations. Hinchey v. NYNEX Corp., 144 F. 3d 134 (1st Cir. 1998).

Defendant argues that Plaintiff must show that she reasonably believed that the Handbook set forth terms of employment to which the company was bound; that the Handbook contained a duty breached by the company; and that she suffered damages as a result of the company's breach. (Defendant's Memorandum, page 6).

First, Plaintiff was required to sign an "Acknowledgement Receipt" (Horton Affidavit, para. 3) stating that she understood that she must adhere to the policies and procedures set forth in the Handbook (Amended Complaint, para. 37 ). Thus, it was quite reasonable for Plaintiff to have believed that the Handbook was a statement of the terms and conditions of her employment. The Acknowledgement Receipt (see, Russell Affidavit, Exhibit B; Horton Affidavit, Exhibit A), which Plaintiff signed without protest or modification, also states that the Handbook could only be changed by the TSI Chief Executive Officer. Consequently, it was also quite reasonable for Plaintiff to conclude that the policies and procedures contained in the Handbook would be binding upon TSI unless the policies or procedures were modified or terminated by the TSI Chief Executive Officer.

Second, the express language of the TSI Handbook includes a promise which creates a duty obligating TSI to follow its established procedures in "human resources matters". In the Introduction to the Handbook (Russell Affidavit, Exhibit A at page 2), TSI promises:

> "While it is difficult to anticipate the almost infinite number of situations that can arise during the employment relationship, **we follow established guidelines in human resources matters.**

3.

**You will find these guidelines in this handbook.**"
(emphasis added).

Based on the foregoing representations and promises, TSI clearly has a duty to Plaintiff and to other TSI employees to follow the guidelines in the Handbook "in human resources matters." The Progressive Discipline Policy set forth on pages 8-9 of the Handbook obligates TSI to consider certain information and to conduct a "thorough investigation" in any circumstance of "possible violation of standards of conduct" which may involve employee disciplinary action. Further, TSI must take into account the "severity of the infraction" in determining the appropriate disciplinary action. Since, as TSI acknowledges in its Progressive Discipline Policy, it is not possible to identify every possible violation, these procedural protections afforded to an employee by the Handbook guidelines are significant and important. "(I)f an employee manual states that it only provides guidance as to the employer's policies, it may not create any enforceable rights. Other language in the manual or employment practices may demonstrate otherwise." O'Brien v. New England Telephone & Telegraph Company, 422 Mass. 686, 693 (1996) (citing Jackson v. Action for Boston Development, Inc., 403 Mass. 8 (1988)). The principle that promises made in an employee manual may be binding on an employer is accepted in a clear majority of American jurisdictions. Id. at 691. Courts recently have been reluctant to permit management to reap the benefits of a personnel manual and at the same time avoid the promises freely made in the manual that employees reasonably believed were part of their arrangement with the employer. Id. at 694. The Progressive Discipline Policy and the Complaint Handling Procedure clearly created rights beyond those of an employee-at-will. Plaintiff contends that Defendant ignored these established guidelines in electing to terminate her employment (Amended Complaint, para. 35, 36).

Third, Plaintiff did suffer damages and experienced an adverse employment action as the result of TSI's failure to follow its established guidelines in terminating her employment. Defendant's Motion to Dismiss Count I of the Amended Complaint for breach of an implied employment contract should be denied.

### Statement of Facts and Argument with Respect to Count III

Plaintiff alleges that she was a Sales Consultant for TSI and was compensated on a commission only basis (Amended Complaint, para. 13). Plaintiff received commission payments for each new customer who purchased a TSI health and fitness club membership and for each customer who "re-joined" TSI after their membership lapsed Amended Complaint, para. 13, 14). Members "re-joined" TSI after their memberships had lapsed which often occurred during the Summer months (Amended Complaint, para. 14). Plaintiff states that she was working with existing and prospective customers on their membership and membership renewals at the time of her termination (Horton Affidavit, para. 8). Plaintiff alleges that she has been harmed economically due to Defendant's termination of her employment and has been deprived of the commissions that would be due her when her customers "re-join" or renew their memberships with TSI.

Defendant argues that Plaintiff must, at this stage of the litigation, be able to identify with specificity which of her customers re-joined Defendant's heath clubs after Plaintiff's termination and the exact amount of commissions due. Plaintiff is not in possession of such detailed information at this time as her employment was, of course, terminated by Defendant. That information will be obtained by Plaintiff during the discovery phase. Plaintiff should be afforded the opportunity to determine, through discovery, which of her

5.

customers did, in fact, re-join Defendant's health clubs as a result of the past efforts of Plaintiff and the amount of commissions due. Further, if Plaintiff's discharge involved an intent by Defendant to benefit financially at Plaintiff's expense, a claim for breach of implied covenant of good faith may be established. Siles V. Travenol Labs., 13 Mass. App. Ct. 354, appeal denied, 386 Mass. 1103 (1982). Plaintiff should have the opportunity to explore whether any such commissions due her were retained by Defendant. Defendant's Motion to Dismiss Count III of the Amended Complaint should be denied.

### Standard of Review

A court may not dismiss a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "unless it appears, beyond doubt, that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief." Judge v. City of Lowell, 160 F. 3d 67, 72 (1st Cir. 1998) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Furthermore, the court must accept all the actual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor. Langadinos v. American Airlines, Inc., 199 F. 3d 68, 69 (1st Cir. 2000).

### Conclusion

Plaintiff has made sufficient allegations to support a claim for breach of implied employment contract and a claim for breach of the implied covenant of good faith. Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss with respect to Counts I and III.

Respectfully submitted,

6.

SARAH HORTON<br>
By her attorney,<br>
_____<br>
Jonathan R. Black<br>
BBO # 044340<br>
99 Derby Street, Suite 200<br>
Hingham, MA 02043<br>
781-556-1010

Dated: December 7, 2004

## CERTIFICATE OF SERVICE

I, Jonathan R. Black, hereby certify that a true copy of the above document was served upon the counsel of record for each party via first class mail, postage pre-paid, on December 7, 2004.

_____
Jonathan R. Black