UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SARAH HORTON,  )<br>                )<br>Plaintiff,       )<br>                )<br>v.              )<br>                )<br>TOWN SPORTS INTERNATIONAL, INC. )<br>AND TSI FENWAY, INC.,          )<br>                )<br>Defendants.    )<br>                )<br>                ) | Civil Action No. 04-CV-12359-MEL |

## AFFIDAVIT OF SARAH HORTON

I, Sarah Horton, do hereby testify as follows:

1. At the time that I was hired by Town Sports International, I met with Jane Russell, Senior Human Resources Manager for Town Sports International and she gave me the Town Sports International Employee Handbook ("Handbook").

2. I was informed by Ms. Russell that the Handbook contained policies and procedures relating to my employment with TSI.

3. I was asked by Ms. Russell to sign an "Acknowledgement Receipt" confirming that I had received the Employee Handbook and stating that I understood that I was responsible for adhering to all of the policies and procedures of TSI contained in the Employee Handbook and elsewhere. The Acknowledgement Receipt is attached hereto as Exhibit A.

4. The Receipt also stated that the Employee Handbook did not create a contract

guaranteeing employment for any specified period of time. I understood that the Employee Handbook did not guarantee my employment for a specific period of time.

5. I signed the Receipt relying on the representation by Town Sports International that the policies and procedures in the Employee Handbook would remain in effect unless and until they were modified or terminated by the Chief Executive Officer.

6. I never received any notification that the Progressive Discipline Policy or the Complaint Handling Procedure had been modified or terminated by the Chief Executive Officer.

7. I suffered an adverse employment action when Town Sports International terminated my employment without following its Progressive Discipline Policy or its Complaint Handling Procedure.

8. I was paid on a commission basis only and earned a commission every time that one of my customers renewed their membership. At the time of my termination, I was working with existing and prospective customers on their memberships and membership renewals.

9. As the result of my termination, I have been harmed economically by Town Sports International and have been deprived of future commission payments which accrue to me when my customers renew their memberships.

Signed under the pains and penalties of perjury this 7th day of December, 2004.

*Sarah R. Horton*

---
Sarah Horton

EXHIBIT A

# ACKNOWLEDGEMENT RECEIPT

I have received a copy of the TSI handbook dated April 2000. I understand that the handbook supersedes any and all previous handbooks issued by TSI.

I understand that the information in TSI's handbook represents guidelines only and that TSI reserves the right, at any time, to modify this handbook or amend or terminate any policies, procedures, or employee benefit programs, whether or not described in this handbook. I understand that I am responsible for reading the handbook, familiarizing myself with its contents, and adhering to all of the policies and procedures of TSI, whether set forth in this handbook or elsewhere.

I understand that my employment with TSI or any of its subsidiaries is on an "at-will" basis and that this handbook is not a contract of employment, express or implied, between me and my employer, and that I should not view it as such, or as a guarantee of employment for any specific duration.

I further understand that no manager or representative of TSI, other than TSI's Chief Executive Officer, has any authority to alter this handbook or to enter into any agreement guaranteeing employment for any specified period of time. I also understand that any such agreement, if made, shall not be enforceable unless it is in a formal written agreement signed by both me and one of the Chief Executive Officer of TSI.

SARAH HORTON
Name of Employee

*[signature]*
Employee's Signature

12/3/01
Date

CERTIFICATE OF SERVICE

I, Jonathan R. Black, hereby certify that a true copy of the above document was served upon the counsel of record for each party on December 7, 2004.

_____
Jonathan R. Black