**E N D O R S E M E N T**

SARAH HORTON v. TOWN SPORTS INTERNATIONAL, INC. and TSI FENWAY, INC. d/b/a BOSTON SPORTS CLUBS
04-CV-12359-MEL

LASKER, D.J.

Defendant TSI Fenway, Inc. ("TSI") moves to dismiss Count I of the complaint. TSI also moves to dismiss Count III of the complaint, or in the alternative, for a more definite statement of Count III.

In Massachusetts, at-will employment is terminable by either the employee or the employer without notice, for almost any reason or for no reason at all. Wright v. Shriners Hospital for Crippled Children, 412 Mass. 469, 472 (1992). Employment is presumed to be at-will unless an express or implied contract governs the terms and conditions of employment. Hinchey v. NYEX Corp., 144 F.3d 134, 141 (1st Cir. 1998). An employee handbook can create a binding employment contract if the employee could reasonably have believed that the employment manual she was given constituted the terms or conditions of employment, equally binding on employee and employer. Five factors to consider in determining whether an employment manual creates a binding contract are: (1) whether the employer retained the right to unilaterally modify terms, (2) whether the terms of the manual were negotiated, (3) whether the manual stated that it provided guidance only regarding the employer's policies, (4) whether a term of employment was specified in the manual, and (5) whether the employee signed the manual to manifest intent. Jackson v. Action for Boston Community Development, Inc., 525 N.E.2d 411 (1988).

Based on the language contained in TSI's employment handbook, Sarah Horton ("Horton") cannot show that she could have reasonably believed the handbook created an employment contract. The handbook repeatedly and clearly states that it is not a contract, that employment with TSI is at-will and terminable at any time, that employment with TSI is not guaranteed for any specified term, and that TSI retains the power to modify any benefits, terms, or policies. Employee Handbook at 1, 5. The manual consists mainly of guidelines about TSI's workplace philosophy. Although it contains some policies regarding the terms of employment, these are stated in general terms and reserve all discretion to management. Finally, although Horton did sign an "acknowledgment receipt", that fact alone does not indicate that the handbook was negotiated or that Horton and TSI

1

manifested an intent to be bound by its terms, especially because the receipt stated: "I understand that my employment with [TSI] is on an 'at-will' basis and that this handbook is not a contract of employment, express or implied, between me and my employer, and that I should not view it as such, or as a guarantee of employment for any specific duration." Therefore, because Horton could not have reasonably believed that the handbook created a binding employment contract, the motion to dismiss Count I is GRANTED.

To state a claim for breach of an implied covenant of good faith and fair dealing on the basis of deprivation of commissions, a plaintiff must allege that she has been deprived of commissions already due or commissions accrued and reasonably ascertainable. See Gram v. Liberty Mutual Ins. Co., 384 Mass. 659, 671-72 (1981). Horton alleges that she was deprived of future commissions that she would have received after the date of her termination, when customers with whom she had previously worked bought or renewed TSI memberships. However, Horton has not named or identified these customers, stated approximately how many such customers exist, or offered an estimated amount of commissions due. Moreover, Horton has not alleged that her discharge involved an intent by TSI to benefit financially at Horton's expense. If Horton can in good faith allege with more specificity facts sufficient to support her claim, she might be entitled to recover for commissions related to her past services. Therefore, Horton should file an amended complaint setting out with greater specificity the facts underlying the alleged breach of an implied covenant of good faith and fair dealing.

Accordingly, the defendant's motion to dismiss Count I and motion for a more definite statement of Count III are GRANTED.

It is so ordered.

Dated:    January 3, 2005
          Boston, Massachusetts        /s/ Morris E. Lasker
                                            U.S.D.J.

2