UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 JAN 25 P 4: 42

U.S. DISTRICT COURT
DISTRICT OF MASS.

SARAH HORTON,           )
                        )
    Plaintiff,           )
                        )
v.                      )
                        )
TSI FENWAY, INC. d/b/a  )
BOSTON SPORTS CLUBS,    )
                        )
    Defendant.           )

## DEFENDANT TSI FENWAY, INC.'S ANSWER TO PLAINTIFF SARAH HORTON'S AMENDED COMPLAINT

Defendant TSI Fenway, Inc. ("TSI Fenway") hereby answers Plaintiff Sarah Horton's ("Horton") Amended Complaint as follows:

### Nature of Action

1. Paragraph 1 is an introductory paragraph to which no response is required. In the event an answer is required, TSI Fenway denies the allegations.

2. TSI Fenway admits that Horton filed a Charge of Discrimination ("Charge") with the Massachusetts Commission Against Discrimination ("MCAD") and that she moved to withdraw the Charge from the MCAD. TSI Fenway is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 2, and therefore denies the remaining allegations set forth in Paragraph 2.

3. TSI Fenway admits that Horton filed a Complaint in the Suffolk Superior Court of Massachusetts on or about October 7, 2004.

4. TSI Fenway admits the allegations set forth in Paragraph 4.

Jurisdiction

5. TSI Fenway admits the allegations set forth in Paragraph 5.

Parties

6. TSI Fenway is without sufficient information to admit or deny the allegations set forth in Paragraph 6, and therefore denies the allegations set forth in Paragraph 6.

7. Town Sports International, Inc. is no longer a defendant in this action pursuant to the parties' Stipulation of Dismissal filed on November 29, 2004. TSI Fenway denies the allegations set forth in Paragraph 7, except it admits that Town Sports International, Inc. has offices located at 888 Seventh Ave., New York City, New York 10116.

8. TSI Fenway admits the allegations set forth in Paragraph 8.

Facts

9. Town Sports International, Inc. is no longer a defendant in this action pursuant to the parties' Stipulation of Dismissal filed on November 29, 2004. TSI Fenway admits that Town Sports International, Inc. owns subsidiaries which in turn own and operate health, fitness and exercise facilities in New York, Washington, Philadelphia and Boston. TSI Fenway is without sufficient information to admit or deny the allegation "in addition to locations abroad" because it is unclear what is meant by "abroad."

10. TSI Fenway admits that Horton was hired as a Sales Consultant and that she worked in a Boston Sports Club located in Natick, Massachusetts in December 2001. TSI Fenway denies that the Boston Sports Club in Natick, Massachusetts was or is owned by Town Sports International.

11. TSI Fenway admits the allegations set forth in Paragraph 11.

12. TSI Fenway denies the allegations set forth in Paragraph 12.

13. TSI Fenway admits that, while employed by TSI Fenway, Horton received a commission for each new customer who purchased a Boston Sports Club membership from her. TSI Fenway denies that Horton's only form of compensation as a Sales Consultant for TSI Fenway consisted of commissions.

14. TSI Fenway is without sufficient information to admit or deny the allegations set forth in Paragraph 14 because it is unclear what is meant by "re-joined." Therefore, TSI Fenway denies the allegations set forth in Paragraph 14.

15. TSI Fenway denies the allegations set forth in Paragraph 15.

16. TSI Fenway admits that Horton began working at its facility on Brookline Avenue as a Sales Consultant in Summer 2002. TSI Fenway denies the remaining allegations set forth in Paragraph 16.

17. TSI Fenway denies the allegations set forth in Paragraph 17.

18. TSI Fenway denies the allegations set forth in Paragraph 18, but admits that "VIP coupons" were distributed to TSI Fenway employees in Boston in or about January 2003.

19. TSI Fenway assumes that by "TSI Clubs" Horton means "Boston Sports Clubs", and therefore admits the allegations set forth in Paragraph 19.

20. TSI Fenway denies the allegations set forth in Paragraph 20.

21. TSI Fenway denies the allegations set forth in Paragraph 21.

22. TSI Fenway denies the allegations set forth in Paragraph 22.

23. TSI Fenway denies the allegations set forth in Paragraph 23.

24. TSI Fenway is without sufficient information to admit or deny the allegations set forth in Paragraph 24, because, among other things, it is unclear what is meant by "distributed." Therefore, TSI Fenway denies the allegations set forth in Paragraph 24.

25. TSI Fenway admits the allegations set forth in Paragraph 25.

26. TSI Fenway denies the allegations set forth in Paragraph 26.

27. TSI Fenway denies the allegations set forth in Paragraph 27, except admits that Horton gave a VIP coupon to Ms. Natasha Stinson.

28. TSI Fenway is without sufficient information to admit or deny the allegations set forth in Paragraph 28, and therefore denies the allegations, except it admits that Horton knew Natasha Stinson was a "walk-in" guest who had been using the club on a trial basis.

29. TSI Fenway is without sufficient information to admit or deny the allegations set forth in Paragraph 29, and therefore denies the allegations.

30. TSI Fenway denies the allegations set forth in Paragraph 30, except admits that Horton misrepresented on the VIP coupon submitted by Natasha Stinson that Jen Cohen had given the VIP coupon to Ms. Stinson.

31. TSI Fenway admits the allegations set forth in Paragraph 31.

32. TSI Fenway admits the allegations set forth in Paragraph 32.

33. TSI Fenway admits that it suspended Horton on February 4, 2003 and terminated her employment on February 10, 2004 due to her abuse of the VIP coupon program, but denies that Horton was suspended or terminated "based on the recommendation of Ms. Gondelman."

34. TSI Fenway denies the allegations set forth in Paragraph 34.

35. TSI Fenway denies the allegations set forth in Paragraph 35.

36. TSI Fenway denies the allegations set forth in Paragraph 36.

37.  TSI Fenway is without sufficient information to admit or deny the allegations set forth in Paragraph 37, and therefore denies the allegations.

38.  TSI Fenway admits that Horton received a written warning for taking a vacation day, but denies the remaining allegations set forth in Paragraph 38.

39.  TSI Fenway admits that, upon his request, it granted Sean Burns authorization to use VIP coupons for a corporate account. TSI Fenway denies the remaining allegations set forth in Paragraph 39.

40.  TSI Fenway denies the allegations set forth in Paragraph 40.

41.  TSI Fenway denies the allegations set forth in Paragraph 41.

42.  TSI Fenway denies the allegations set forth in Paragraph 42.

## COUNT I (Breach of the Implied Contract)

43-44.  The Court dismissed Count I pursuant to its Endorsement entered on January 3, 2005. Therefore, no response is necessary.

## COUNT II (Gender Discrimination)

45.  TSI Fenway incorporates and realleges its responses set forth in Paragraphs 1 through 44.

46.  TSI Fenway denies the allegations set forth in Paragraph 46.

47.  TSI Fenway denies the allegations set forth in Paragraph 47.

## COUNT III ( Breach of the Implied Covenant of Good Faith and Fair Dealing)

48-49.  In its Endorsement entered January 3, 2005, the Court ordered that Horton must provide a more definite statement of Count III. Therefore, no response is necessary.

The remaining statements are a prayer for relief, to which no response is necessary.

## Affirmative Defenses

Without shifting the burden of proof or persuasion, Defendant TSI Fenway, Inc. hereby asserts the following affirmative defenses:

### First Affirmative Defense

Horton fails to state a claim for which relief can be granted.

### Second Affirmative Defense

Horton's employment was terminated because she failed to comply with TSI Fenway's policies and procedures.

### Third Affirmative Defense

Horton effectively attempted to commit a fraud on TSI Fenway in order to obtain further compensation for herself.

### Fourth Affirmative Defense

All actions taken with respect to Horton's employment were taken in good faith for a legitimate, nondiscriminatory purpose and were consistent with principles of law.

### Fifth Affirmative Defense

TSI Fenway has complied with all laws and regulations and has otherwise satisfied its statutory obligations to Complainant under MASS. GEN. Laws c. 151B and 42 U.S.C. § 2000e.

### Sixth Affirmative Defense

TSI Fenway took steps to ensure that discrimination did not occur in its workplace and offered Horton fair and reasonable means of addressing discrimination, but Horton failed to take advantage of those means.

<u>Seventh Affirmative Defense</u>

Horton's claims are barred by the doctrines of waiver, laches, estoppel and/or unclean hands.

<u>Eighth Affirmative Defense</u>

Horton's claims are barred in whole or in part by her failure to mitigate her damages.

WHEREFORE, Defendant TSI Fenway, Inc. hereby requests that the Court deny Plaintiff Sarah Horton's claims and enter judgment in its favor thereon.

Respectfully submitted,

TSI FENWAY, INC. d/b/a
BOSTON SPORTS CLUBS

By its attorneys,

_____
Laurie J. Hurtt (BBO#634149)
Greenberg Traurig, LLP
One International Place
Boston, MA 02110
Tel: (617) 310-6000
Fax: (617) 310-6001

and

Brian S. Cousin, admitted
*pro hac vice*
Greenberg Traurig, LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 801-9354
Fax: (212) 805-9354

DATED: January 25, 2005

7

## CERTIFICATE OF SERVICE

I, Laurie J. Hurtt, hereby certify that on the 25th day of January, 2005, I served by facsimile and first class mail, postage pre-paid, a copy of the above to the following counsel of record: Jonathan R. Black, Esq., 99 Derby Street, Suite 200, Hingham, MA 02043.

                                                  Laurie J. Hurtt

bos-srv01\156983v02