

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2005 NOV 14 P 12: 39
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| SARAH HORTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-CV-12359-MEL |
| ) | |
| TSI FENWAY, INC. d/b/a ) | |
| BOSTON SPORTS CLUBS, ) | |
| ) | |
| Defendant. ) | |

## STIPULATION AND PROTECTIVE ORDER

The parties to this action, Plaintiff Sarah Horton ("Horton" or "Plaintiff") and Defendant TSI Fenway, Inc. ("TSI Fenway" or "Defendant"), hereby stipulate to and agree that this Stipulation And Protective Order ("Protective Order") may be entered as an Order by the Court.

**1.    Introduction and Scope**

This Protective Order shall govern any designated record of information produced in this action, by any party or non-party, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents, subpoenas, or other formal method of discovery. This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule (including any local rule), and any supplementary disclosures thereto, including but not limited to disclosures by non-parties pursuant to a subpoena or other means. This Protective

1

Order shall apply to the categories of information listed in this paragraph in any related actions between the parties filed in this Court subsequent to the present action.

2. **Designation.**

Any party shall have the right to designate as **CONFIDENTIAL** and subject to this Protective Order any information, document or portion of any document produced by it or any other person in this litigation which contains trade secrets or other sensitive, confidential, or proprietary technical, business, personnel, financial, or research or development information. This designation shall be made by stamping each page of the document containing confidential information (or, if the document is an electronic document, by stamping each printed page of such document and/or the media upon which the electronic document is recorded) with the legend **CONFIDENTIAL** prior to its production. If the document is inadvertently produced without such legend, the designation shall be made within ten (10) days of the discovery of the error by furnishing written notice to the receiving party that the information or document shall be **CONFIDENTIAL** under this Protective Order. With respect to all materials provided for inspection by a party's counsel, designation by stamping or labeling as **CONFIDENTIAL** need not be made until copies of the materials are requested after inspection and selection by counsel. Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by a party's counsel shall be treated as though designated as **CONFIDENTIAL** at the time of the inspection. Further, any party shall have the right to designate as **CONFIDENTIAL** and subject to their Protective Order any document provided by any third party, by notifying the parties to this protective order and the producing party of such designation within ten (10) days of such party's receipt of such document from the producing party.

3.   **Objections to Designation**

A receiving party may object to the designation of information or material as **CONFIDENTIAL** by providing written notice to the producing party. Such written notice shall identify the information or material involved and contain a short statement of the reasons for objection to the designation. If the parties are unable to resolve any differences within ten (10) days after receipt of such notice, the receiving party may file a motion requesting that the Court rule that the disputed material be declassified. The disputed material shall remain **CONFIDENTIAL** and subject to the terms of this Order until the Court has ruled on such motion. In connection with such motion, the burden shall be on the producing party to show that the information involved is a trade secret or confidential business, financial, personnel, or research or development information, and that the requested disclosure of such information may be harmful to the producing party. If this burden is met, the burden will shift to the receiving party to establish that the requested disclosure of the information is necessary to the action and that the need for such disclosure outweighs the claim of injury resulting there from.

4.   **Limit On Use And Disclosure Of Designated Information**.

Each party and all persons bound by the terms of this Protective Order shall use any information or document governed by this Protective Order only for the purpose of prosecution or defense of this action. No party or other person shall disclose or release to any person not qualified under this Protective Order any information or document governed by this Protective Order for any purpose, or to any person qualified under this Protective Order for any purpose, other than the prosecution or defense of this action.

5.  **Confidential Material.**

Only the following persons shall be authorized to receive information designated **CONFIDENTIAL** under this Order:

   a.  Outside counsel of record for the parties and supporting personnel employed by such counsel, such as paralegals, legal translators, legal secretaries, data entry clerks, legal clerks and shorthand reporters, or independent legal translators retained to translate in connection with this action or independent shorthand reporters retained to record and transcribe testimony in connection with this action;

   b.  Any "technical advisor," meaning any independent experts, consultants and advisors employed or retained by counsel for the parties solely for the purpose of this litigation, including but not limited to proposed expert witnesses, with whom counsel deems it necessary to consult concerning investigative, technical, financial or other aspects of this case, provided that such technical advisor has executed a Confidentiality Undertaking attached hereto as Exhibit A in accordance with Paragraph 6 below, and supporting personnel employed by such technical advisors, such as secretaries, data entry clerks, and assistants;

   c.  The parties to this action;

   d.  The Court, Court reporters, and Court personnel; and

   e.  Any person agreed to in writing by the parties or ordered by the Court.

6.  **Agreement Of Confidentiality.**

In no event shall any material designated as **CONFIDENTIAL** be disclosed to any person, other than the Court, Court reporters, and Court personnel, or attorneys for the parties

and their authorized secretarial and legal assistant staffs, until such person has executed a written Confidentiality Undertaking in the form set forth in Exhibit A hereto acknowledging and agreeing to be bound by the terms of this Protective Order. Copies of such executed Confidentiality Undertakings shall be promptly served on the producing party.

7. **Related Documents.**

Documents and information designated as **CONFIDENTIAL** shall include (a) all copies, extracts and complete or partial summaries prepared from such documents or information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance with Paragraph 8 below; and (e) testimony taken at a hearing or other proceeding that is designated in accordance with Paragraph 9 below.

8. **Designation Of Deposition Transcripts.**

Deposition testimony may be designated as **CONFIDENTIAL** by any party either (1) at any time during the deposition at which such testimony is given by orally stating such on the record, or (2) within thirty (30) days following receipt of the deposition transcript by providing written notice to the reporter and all counsel of record. Any deposition testimony designated as **CONFIDENTIAL** shall be marked as such on the transcript by the stenographer and separated from the remainder of the transcript. All deposition transcripts not previously designated shall be deemed to be, and shall be treated as, **CONFIDENTIAL** for a period of thirty (30) days after receipt of the transcript, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved in accordance with paragraphs 5 and 6

herein to review documents or materials designated **CONFIDENTIAL** on behalf of that non-designating party.

9.  **Designation Of Hearing Testimony Or Argument.**

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of **CONFIDENTIAL** information, counsel may designate on the record prior to such disclosure that the disclosure is **CONFIDENTIAL**. Whenever matter designated as **CONFIDENTIAL** is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may have excluded from the room any person who is not entitled under this Order to receive information designated as **CONFIDENTIAL**.

10. **Designation Of Documents Under Seal.**

Any information or documents designated as **CONFIDENTIAL**, if filed with the Court, shall be filed with a Motion to Impound. The clerk of this Court is to maintain such information under seal and make it available only to the Court and to persons authorized by the terms of this Protective Order unless the Court denies the Motion to Impound, in which case the clerk will permit a party to retrieve the information prior to it being placed in the public file. The party filing any paper which reflects, contains or includes any information or document subject to this Protective Order shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, and the legend **CONFIDENTIAL**. At the conclusion of this case, any materials filed with the Court under seal shall be kept under seal or be returned to the party filing it for disposition as provided for in Paragraph 14 below.

11. **Other Protections.**

This Protective Order shall not preclude any party, including a non-party producing documents pursuant to a subpoena, from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that party may consider appropriate.

12. **Prior Or Public Knowledge.**

This Protective Order shall not apply to information that was, is, or becomes public knowledge not in violation of this Protective Order, or that is legitimately and independently acquired from a source not subject to this Protective Order.

13. **Non-Party Material.**

The terms of this Protective Order are applicable to **CONFIDENTIAL** information submitted by a non-party, and such information produced by a non-party in connection with this litigation shall be protected by the remedies and relief provided by this Protective Order.

14. **Return Of Designated Information.**

Upon final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return all material designated as **CONFIDENTIAL**, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that any documents or copies which contain or constitute, or which reflect, attorney's work product or attorney-client privileged communications may be retained by counsel or destroyed rather than returned.  Additionally, counsel for the parties may retain for their files correspondence, notes, pleadings, briefs and. exhibits, deposition transcripts and exhibits, and work product materials that contain material

designated as **CONFIDENTIAL**. Counsel shall continue to be subject to the terms of this

Protective Order with regard to any such retained **CONFIDENTIAL** material.

| | |
|---|---|
| TSI FENWAY, INC. | SARAH HORTON |
| By its attorneys, | By her Attorney, |
| *[signature]* | *[signature]* |
| Laurie J. Hurtt, Esq. (BBO#634149) | Jonathan R. Black (BBO#044340) |
| Jeffrey M. Burns (BBO#661448) | 99 Derby Street, Suite 200 |
| Greenberg Traurig LLP | Hingham, Massachusetts 02043 |
| One International Place | Tel: (781) 556-1010 |
| Boston, Massachusetts 02110 | |
| Tel: (617) 310-6000 | |
| Fax: (617) 310-6001 | |

And

Brian S. Cousin, admitted
*pro hac vice*
Greenberg Traurig LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 801-9354
Fax: (212) 805-9354
Date: 11/16/05

So ordered:

*[signature]*
The Honorable Morris E. Lasker

### EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 NOV 14  P 12: 39

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| SARAH HORTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-CV-12359-MEL |
| ) | |
| TSI FENWAY, INC. d/b/a ) | |
| BOSTON SPORTS CLUBS, ) | |
| ) | |
| Defendant. ) | |

### CONFIDENTIALITY UNDERTAKING

I certify that I have read the Stipulation and Protective Order in the above-captioned case and that I understand the terms of the Order. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court for the District of Massachusetts for any proceeding involving enforcement of that Order.

EXECUTED this ___ of _____, 200__, at _____

_____
Name

_____
Affiliation

_____
Business Address

bos-fs1\HurttL\170116v03\564403_.DOC